# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CLIOFAS YBARRA GONZALEZ,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security[1]

Defendant.

_____/

Case No.  1:25-cv-0041-JLT-EGC

**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED AND THE ACTION BE REMANDED TO THE COMMISSIONER FOR FURTHER PROCEEDINGS**

(Doc. 1)

## I.    INTRODUCTION

Plaintiff Cliofas Ybarra Gonzalez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act").  (Doc. 1).  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Erin E. Guy Castillo, United States Magistrate Judge.[2]

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for summary judgment be granted and that the action be remanded to the Commissioner for further

---

[1] On May 7, 2025, Frank Bisignano was named Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html.  He is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] The matter is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Cal. Local Rule 302.

proceedings.

## II.    BACKGROUND

Plaintiff was born in 1972.  (Administrative Record ("AR") 383).  He earned a GED.  (AR 425).  Plaintiff filed an application for DIB and SSI, alleging He became disabled on November 1, 2019.  (AR 383).

**A.    Relevant Evidence of Record[3]**

On August 29, 2023, Dr. L. Faurbo, Psy.D. completed a comprehensive clinical psychological evaluation, including a "medical source statement."  (AR. 856–60).  The medical source statement reflects Dr. Faurbo's opinion that Plaintiff was "moderately limited" "due to cognitive and functional deficits associated with a mood disorder" as to his ability to (1) "understand, remember, and perform complex detailed written and oral instructions;" (2) "maintain[] regular attendance in the workplace," (3) "perform work activities without special or additional supervision," (4) "complete a normal workday or workweek without interruptions resulting from the claimant's psychiatric condition," (5) accept instructions from supervisors," (6) "interact with coworkers and with the public," and (7) "deal with the usual stresses encountered in competitive work environment."  (AR 860).

**B.    Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on January 10, 2023, and again on reconsideration on October 11, 2023.  (AR 266–90).  Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 291).  The ALJ conducted a hearing on March 19, 2024.  (AR 152–84).  Plaintiff appeared at the hearing with his attorney and testified as to his alleged disabling conditions and work history.  (AR 155–75).

A Vocational Expert ("VE") also testified at the hearing.  (AR 175–184).  In relevant part, the VE testified that "if a person were only productive four to six hours a day because of chronic fatigue, pain, inability to concentrate, focus, and/or get along with others," any such person "would not be able to perform any work at all."  (AR 182).  Likewise, the VE testified that a person off task

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

15 percent of the time would not be able to maintain full-time employment. (AR 183–84). Additionally, the VE testified that a person absent two or more days a month would "not be competitive [in the market]." (AR 182–83).

**The ALJ's Decision**

In a decision dated June 28, 2024, the ALJ found that Plaintiff was not disabled. (AR 131–51). The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 136–42). The ALJ decided that Plaintiff had not engaged in substantial gainful activity since November 9, 2019. (AR 136). At step two, the ALJ found Plaintiff's following impairments to be severe: disorder of the bilateral hands, respiratory disorder, depression, and psychosis. (AR 136–37). The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 137–38).

The ALJ assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb, stoop, kneel, crouch, and crawl, but no climbing ladders, rope, or scaffolds. The claimant can have no jobs that require excellent to good balance like working at unprotected heights. He can have no concentrated exposure to fumes, dust, chemicals or work environments with poor ventilation. He can have no forceful gripping or torquing with the bilateral upper extremities. He can have frequent bilateral handling and overhead reaching. In addition, he is limited to simple noncomplex tasks in a static work environment where the tasks to be performed as well as the physical surroundings remain the same from day to day. The claimant can have occasional tasks that require teamwork and direction from supervisors should be direct and concrete. He can have brief and infrequent contact with the public. Furthermore, the claimant would work best in

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours a day, for five days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

environments with predictable work tasks, minimal changes in schedule and with minimal social contacts with others that do not require a great deal of decision making, problem solving or goal setting.

(AR 138–139; *see also id.* 138–42).  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms," the ALJ rejected Plaintiff's subjective testimony as to "the intensity, persistence and limiting effects of these symptoms" as being "not entirely consistent with the medical evidence and other evidence in the record."  (AR 142).

The ALJ then determined that Plaintiff had no past work experience (step four) but that, given his RFC, he could perform a significant number of jobs in the national economy (step five). (AR 143–44).  In making this determination, the ALJ relied on the VE's answers to a series of hypothetical questions the ALJ posed to the VE during the hearing.  (AR 175–83).  The VE testified that a person with the RFC specified above could perform the jobs of routing clerk, or housekeeper cleaner.  (AR 177–83).  The ALJ ultimately concluded Plaintiff was not disabled at any time after November 1, 2019, the alleged onset date.  (AR 144).

Plaintiff sought review of this decision before the Appeals Council, which denied review on November 13, 2024.  (AR 1–7).  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 404.981.

### III.    LEGAL STANDARD

#### A.    Applicable Law

An individual is considered "disabled" for purposes of disability benefits if [they are] unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining

4

whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520).  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps."  *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis."  *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).  "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work."  *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole."  *Tackett*, 180 F.3d at 1097 (citation omitted).  "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review."  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  "The ALJ's findings will be upheld if supported by inferences

reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).  Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).  Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.     DISCUSSION

Plaintiff asserts two claims of error: the ALJ failed to (1) formulate an RFC supported by substantial evidence as the RFC has discrepancies with the opinion evidence and (2) either include work-related limitations consistent with Plaintiff's limitations or offer clear and convincing evidence for rejecting Plaintiff's subjective complaints.  (*See* Doc. 13 at 10–17).  The Commissioner counters that (1) the ALJ's RFC determination reasonably accounted for medical opinion evidence and (2) ALJ reasonably discounted Plaintiff's symptom allegations because of the inconsistencies between his claims and other record evidence.  (Doc. 15 at 3–12).

The undersigned agrees with Plaintiff that the assessed RFC is not supported by substantial evidence, as the ALJ did not adequately address whether and how the assessed RFC accounts for

6

credited medical opinion evidence regarding moderate limitations in Plaintiff's functioning.[5]

**A.     Legal Standard**

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins*, 466 F.3d at 883.  "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine*, 574 F.3d at 690.

"Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020); *see also Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Neufeld v. Berryhill*, No. 2:16-cv-03644, 2018 WL 4739699, at *6 (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."); *Bain v. Astrue*, 319 F. App'x 543, 545–46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite specifically crediting these limitations in the opinion); *Flores v. Saul*, No. 1:18-cv-01523-SKO, 2020 WL 509098, at *5 (E.D. Cal. Jan. 31, 2020) (finding ALJ erred by assigning great weight to consultative psychologist's opinion, but failing to provide specific and legitimate reasons for rejecting significant portions of the opinion); *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 WL 4572084, at *3–5 (E.D. Cal. Sept. 20, 2019) (finding ALJ erred by assigning substantial weight to consulting examiner's opinion that the plaintiff had a mild to moderate impairment in her capacity to maintain regular attendance, but failed to account for the limitation in the RFC); *Harrell v.*

[5] Because further proceedings will necessitate the re-evaluation of the evidence as a whole, *see infra*, the undersigned recommends not reaching the issue of the ALJ's treatment of Plaintiff's subjective symptoms.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

*Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) ("The ALJ was under no obligation to accept a medical opinion he found unsupported by the record.  But, having clearly stated that he was according [the physician]'s opinion great weight, the ALJ was under an obligation to account for the moderate limitations [the physician] identified irrespective of the broader reasoning in support of the RFC.").  An ALJ errs when they do not explain why they did not adopt all findings or limitations from a persuasive opinion.  *Patterson v. Comm'r of Social Sec.*, No. 2:23-cv-00635 AC, 2024 WL 4216810, at *8 (E.D. Cal. Sept. 17, 2024).

In examining whether RFC limitations account for some opined non-exertional limitations, courts in this circuit have split on whether RFC limitations to simple/routine tasks with limited public contact account for all moderate non-exertional limitations.  *Macias v. Saul*, No. 1:19-cv-01187-BAM, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and noting that "Courts have rejected the argument that a similar limitation to simple tasks in the RFC adequately accounts for moderate limitations in the ability to maintain regular attendance or complete a normal workday.").  Courts within this district have recently noted that the district court case law "tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations . . . identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption." *Harrell*, 2021 WL 4429416, at *6; *Lamar v. Comm'r of Soc. Sec.*, No. 1:24-cv-00504-EPG, 2025 WL 318294, at *4 (E.D. Cal. Jan. 28, 2025) (noting split and finding that limitations in RFC did not account for all moderate limitations opined by physician); *Berenisia Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at *5–6 (E.D. Cal. Jan. 6, 2020) (finding that ALJ's RFC of simple, routine tasks with limited peer and public contact did not account for opined limitations in "completing a normal workday or work week due to her psychiatric condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that she would emotionally deteriorate in a work environment").

**B.    Analysis**

In a August 29, 2023 medical source statement based on a comprehensive clinical psychological evaluation, Dr. L. Faurbo, Psy.D, noted moderate limitations in Plaintiff's ability to

(1) understand, carry out, apply, and remember, complex detailed written and oral instructions; (2) maintain regular attendance in the workplace, (3) perform work activities without special or additional supervision; (4) complete a normal workday or workweek without interruptions; (5) accept instructions from supervisors; (5) interact with coworkers and with the public; and (6) deal with the usual stresses encountered in competitive work environments.  (AR 860).

In evaluating the opinion of Dr. Faurbo, the ALJ reasoned as follows:

> In addition, Dr. Faurbo, Psy.D., a mental medical examiner, found moderate type limitations in concentration, persistence, and pace, social functioning, and work adaptability.  The assessment indicated moderate type findings in this are persuasive, as it is supported by the mental status examination, observations, and psychological history and treatment.  Furthermore, the assessment is mostly consistent with the claimant's mood complaints, mental symptoms, mental status examinations, psychotropic management, and his activities of daily living in the relevant periods.

(AR 142 (internal citations omitted)).  Based in part on Dr. Faurbo's opinion, the ALJ determined that Plaintiff retained

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb, stoop, kneel, crouch, and crawl, but no climbing ladders, rope, or scaffolds.  The claimant can have no jobs that require excellent to good balance like working at unprotected heights.  He can have no concentrated exposure to fumes, dust, chemicals or work environments with poor ventilation.  He can have no forceful gripping or torquing with the bilateral upper extremities.  He can have frequent bilateral handling and overhead reaching.  In addition, he is limited to simple noncomplex tasks in a static work environment where the tasks to be performed as well as the physical surroundings remain the same from day to day.  The claimant can have occasional tasks that require teamwork and direction from supervisors should be direct and concrete.  He can have brief and infrequent contact with the public.  Furthermore, the claimant would work best in environments with predictable work tasks, minimal changes in schedule and with minimal social contacts with others that do not require a great deal of decision making, problem solving or goal setting.

(AR 138–39).

The question before the Court "is whether the ALJ, having accepted [Dr. Faurbo's] opinion, appropriately translated the moderate limitations from that opinion into concrete restrictions in the RFC." *Harrell*, 2021 WL 4429416, at *6–7; *see also id.* ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC.").  In answering this question, the undersigned is mindful that an ALJ's RFC findings need only be consistent with assessed limitations and not identical to them. *See Turner v. Comm'r of Soc.*

9

*Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010); *Wascovich*, 2019 WL 4572084, at *5 ("This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC.  Rather, he is required to account for it in his 'translation.'"); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence.").  Here, however, the undersigned finds that the RFC did not completely address or account for the opined limitations in Dr. Faurbo's persuasive opinion regarding Plaintiff's functional limitations.

As an initial matter, the limitations included in the RFC—to simple noncomplex tasks in a static work environment where the tasks to be performed as well as the physical surroundings remain the same from day to day; only occasional tasks requiring teamwork and only brief and infrequent interactions with the public; direction from supervisors being direct and concrete; and the acknowledgement that Plaintiff would work best in environments with predictable work tasks, minimal changes in schedule with minimal social contacts with others that do not require a great deal of decision making, problem solving or goal setting—clearly and adequately addressed Dr. Faurbo's opinions that Plaintiff had a moderately limited ability to understand, remember, and perform complex instructions, accept instructions from supervisors, and to interact with co-workers and the public.  (AR 22, 860).

But Dr. Faurbo also noted moderate limitations in Plaintiff's ability to perform work activities without special or additional supervision, complete a normal workday or workweek without interruption resulting from his psychiatric condition, and deal with the usual stressors encountered in a competitive work environment.  (AR 860).  And it is not clear from the ALJ's opinion if—and if so, how—the ALJ may have incorporated Dr. Faurbo's credited medical opinion regarding these functional limitations into the assessed RFC.

The Commissioner contends that the rest of Dr. Faurbo's opined limitations are accounted for by the assessed RFC.  (Doc.15 at 4–7).  The undersigned disagrees.

First, the Commissioner maintains that the RFC adequately accounted for all of Plaintiff's

"moderate" limitations considering that a "moderate" limitation in the context of Dr. Faurbo's evaluation could reasonably have been understood as meaning "more than a slight limitation," but that Plaintiff "could still function satisfactorily." (*Id.* at 6 (quoting *Tamra W. v. O'Malley*, 2024 WL 283684, at *6 (C.D. Cal. Jan. 25, 2024)). However, in formulating an RFC, the ALJ must account for *all* of a claimant's medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(1); *Valentine*, 574 F.3d 690 (an RFC that "fails to take into account a claimant's limitations is defective"). Therefore, an ALJ errs when, as here, an ALJ provides an incomplete RFC ignoring "significant and probative evidence." *Hill v. Astrue*, 698 F.3d 1153, 1161–62 (9th Cir. 2012). Here, the ALJ generally credited Dr. Faurbo's opinion and incorporated other moderate limitations into the assessed RFC. However, the ALJ did not address Dr. Faurbo's opinion as to several assessed moderate limitations by either translating this opined limitation into the RFC or explaining why the ALJ declined to credit Dr. Faurbo's opinion as to this limitation (AR 393)—this was error, *see Macquarrie v. Comm'r of Soc. Sec.*, No. 1:21-CV-00072-CDB, 2023 WL 8242069, at *7 (E.D. Cal. Nov. 28, 2023).

Second, the Commissioner contends that it was not error for the ALJ to not expressly address Dr. Faurbo's opinion regarding Plaintiff's moderate impairment as to attendance and completing a normal workday and work week without psychiatric interruptions, because (1) those limitations "do not lend themselves to qualitative descriptions," (Doc. 15 at 5 (quoting *Xiong v. Kijakazi*, 2022 WL 2119029, at *15 (E.D. Cal. June 13, 2022)), (2) Dr. Faurbo did not "provide specific attendance restrictions," (*id.* at 5–6 (quoting *Tamra W.*, 2024 WL 283684, at 5)), and (3) because Plaintiff did not advance a theory as to how these limitations should have been translated into the RFC, (*id.* at 5).

The undersigned acknowledges that the case law within the district courts in this circuit is split on this issue. *See Tamra W.*, 2024 WL 283684 at *4–5 (collecting cases to demonstrate the division in district courts as to whether a moderate attendance limitation is adequately addressed by a limitation to simple, repetitive tasks). Upon a review of the case law, the undersigned agrees that recent district court case law "tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations . . . identified in interacting with

supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption." *Lamar*, 2025 WL 318294, at *4 (noting split and finding that limitations in RFC did not account for all moderate limitations opined by physician); *Ramirez v. Kijakazi*, No. 1:22-cv-00445-GSA, 2023 WL 4409853, at *5 (E.D. Cal. July 7, 2023) ("The case law in this circuit in split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for all moderate limitations."); *Harrell*, 2021 WL 4429416, at *6; *Berenisia Madrigal*, 2020 WL 58289, at *5–6 (finding that ALJ's RFC of simple, routine tasks with limited peer and public contact did not account for opined limitations in "completing a normal workday or work week due to her psychiatric condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that she would emotionally deteriorate in a work environment"). Therefore, the undersigned finds that while the Commissioner may be correct that an opinion of a "moderate" limitation in mental functioning, without more specific and quantified restrictions, need not always translate to any specific attendance limitation in the residual functional capacity, (Doc. 15 at 15), here the ALJ failed to incorporate multiple limitations included in a credited medical opinion into the RFC that directly related to a significant issue—namely, plaintiff's ability to work consistently and without special supervision. And due to that failure, the undersigned finds that the ALJ's RFC finding is unsupported by substantial evidence. *See Gowan v. Comm'r of Soc. Sec.*, No. 1:23-cv-00598-DAD-AC, 2024 WL 3372470, at *3 (E.D. Cal. July 11, 2024) ("[T]he RFC's restriction to 'simple, routine and repetitive tasks' did not account for [moderate] limitations to plaintiff's ability to maintain attendance and to perform work activities without additional or special supervision."); *Donald J. M. v. O'Malley*, No. 22-cv-1926-MMP, 2024 WL 1342573, at *14-17 (S.D. Cal. Mar. 29, 2024) (finding that the ALJ's RFC limiting plaintiff to simple, routine tasks and no interaction with the public failed to account for the plaintiff's moderate limitations in maintaining regular attendance in the workplace, in performing work activities on a consistent basis, and in performing work activities without special or additional supervision); *Christopher G. v. Saul*, No. 2:19-cv-06150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (RFC that the plaintiff could "perform work involving simple, routine tasks with limited public and co-worker interaction" failed to address moderate limitation in

maintaining regular attendance, completing a normal workday or workweek, or in performing at a consistent pace without an unreasonable number and length of rest periods); *Sahyoun*, , 2020 WL 1492661, at *4 (RFC limiting the plaintiff to simple, repetitive tasks and no more than occasional interaction with supervisors, coworkers and public did not adequately capture moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Cummings v. Berryhill*, No. 5:17-cv-00056-AS, 2018 WL 813620, at *1, 3 (C.D. Cal. Feb. 9, 2018) (ALJ's RFC determination limiting the plaintiff to work involving simple, routine tasks, a non-public environment, and non-intense interaction with coworkers and supervisors failed to take into account that plaintiff was "moderately limited in his ability to perform work activities without additional or special supervision, to complete a normal workday or workweek without interruption resulting from any psychiatric conditions, and to deal with the usual stresses encountered in competitive work").

Third, the Commissioner contends that Dr. Faurbo's opinion regarding Plaintiff's moderate impairment as to dealing with stress was adequately accounted for by various components of the RFC, in particular, the limitation to simple repetitive tasks. (Doc. 15 at 6 (citing *Garza v. Comm'r of Soc. Sec.*, 2022 WL 2974691, at *11 (E.D. Cal. July 27, 2022); *Kimball v. Comm'r of Soc. Sec.*, 2022 WL 17343820, at *7 (E.D. Cal. Nov. 30, 2022)). However, again the undersigned finds that "the weight of more recent case law [ ] tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday and the ability to handle stress." *Macquarrie*, 2023 WL 8242069, at *6; *Slover v. Kijakazi*, No. 1:21-cv-01089-ADA-BAM, 2023 WL 5488416, at *4 (E.D. Cal. Aug. 24, 2023); *Ramirez*, 2023 WL 4409853, at *5 (explaining that "case law in this circuit is split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for all moderate limitations"); *Harrell*, 2021 WL 4429416, at *7 (collecting cases); *Berenisia Madrigal*, 2020 WL 58289, at *5 (finding that a restriction to simple, routine tasks does not account for mental limitations in the ability to complete a normal workday or workweek without interruptions from a psychiatric condition and the ability to deal with stress and changes encountered in the workplace); *Sahyoun*, 2020 WL 1492661, at *4 (rejecting argument that the RFC determination that plaintiff

could sustain work involving simple, repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress). Therefore, the undersigned finds that the ALJ's decision to limit Plaintiff to unskilled work consisting of simple, routine tasks did not adequately address or account for Dr. Faurbo's moderate limitations as to Plaintiff's ability to deal with the usual stress encountered in the workplace.

Finally, while the Commissioner points to the ALJ's inclusion of limitations in the RFC to address Dr. Faurbo's credited opinion that Plaintiff had moderate limitations as to Plaintiff's "ability to accept instructions from supervisors," (AR 860, *see* Doc. 15 at 6), the Commissioner does not address Plaintiff's argument that the ALJ failed to address the separate limitation assessed by Dr. Faurbo that Plaintiff was moderately limited as to Plaintiff's "ability to perform work activities without special or additional supervision," (AR 860). The undersigned finds that this too was error as district courts have consistently held that a limitation to simple, repetitive tasks does not account for a need for additional supervision. *See Proulx v. Kijakazi*, No. 18cv1755 JAH-BGS, 2023 WL 5737785, at *6 (S.D. Cal. Sept. 5, 2023) (holding that a limitation to simple routine tasks did not provide for the plaintiff's moderate limitations in the ability to "perform work activities without special or additional supervision"); *Davis v. Saul*, No. 20cv814-BLM, 2021 WL 2333256, at *10 (S.D. Cal. June 7, 2021) (concluding that the ALJ erred by failing to include in the RFC or hypotheticals that the plaintiff was moderately limited in her ability to perform work activities or an ordinary routine without special supervision or to obtain testimony or other evidence establishing that the limitation language utilized by the ALJ captured the restrictions identified in the medical evidence); *Donna M. v. Saul*, No. 19-cv-03134-DMR, 2020 WL 6415601, at *4 (N.D. Cal. Nov. 2, 2020) (finding limitation to simple, routine tasks in RFC did not address other moderate limitations, including the plaintiff's ability to perform work activities on a consistent basis without special or additional supervision.); *Lisardo S. v. Berryhill*, Case No. 5:18-cv-00480-AFM, 2019 WL 773686, at *5 (C.D. Cal. Feb. 20, 2019) (finding the ALJ's RFC restricting the plaintiff to simple work with a predictable work routine and no more than simple decision making did not accommodate the plaintiff's moderately limited ability to perform work without special or additional supervision.);

No. 22-CV-02051-LL-JLB, 2023 WL 8676095, at \*17 (S.D. Cal. Dec. 15, 2023), *report & recommendation adopted sub nom. Seth D. v. O'Malley*, No. 22CV2051-LL-JLB, 2024 WL 130762 (S.D. Cal. Jan. 11, 2024) ("[I]n the RFC, the ALJ did not incorporate Dr. Nicholson's opinion that Plaintiff's ability to perform work activities without special or additional supervision would be moderately limited. As such, the undersigned finds that the ALJ's error with respect to this opinion is not harmless. The requirement that an ALJ articulate his reasoning on both supportability and consistency is to allow a subsequent reviewer to trace the path of the adjudicator's reasoning, and the Court cannot do so here."); *see also Jonathan D. v. O'Malley*, No. 23-CV-1697-AJB-JLB, 2024 WL 3494359, at \*5 (S.D. Cal. July 22, 2024); *Jeremy S. v. O'Malley*, No. 23-CV-00184-AJB-JLB, 2024 WL 343179, at \*22 (S.D. Cal. Jan. 29, 2024), *report & recommendation adopted*, No. 23-CV-00184-AJB-JLB, 2024 WL 5705635 (S.D. Cal. Mar. 15, 2024).

Because the ALJ credited Dr. Faurbo's medical source statement, the undersigned finds that the ALJ needed to address either (1) how the ALJ translated Dr. Faurbo's assessment of these limitations into the RFC, or (2) why the ALJ did not translate this part of Dr. Faurbo's assessed adaptive limitation into the RFC. *See Stubbs*, 539 F.3d at 1174. Absent an explanation for failing to account for these limitations, the ALJ's RFC determination is not supported by substantial evidence. *See Christopher S. Z. v. O'Malley*, No. 2:23-CV-09446-DTB, 2024 WL 6916748, at \*4 (C.D. Cal. Oct. 15, 2024); *Sahyoun*, 2020 WL 1492661, at \*3; *Robbins*, 466 F.3d at 886 ("an ALJ is not free to disregard properly supported limitations"); *Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at \*6 (C.D. Cal. Jan. 26, 2021); *Byrd v. Colvin*, 2017 WL 980559, at \*8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC."); *Wiles v. Berryhill*, No. 2:16-cv-09558-GJS, 2017 WL 5186333, at \*3 (C.D. Cal. Nov. 8, 2017).

Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

**C.   Harmlessness Review**

The undersigned must now consider whether the ALJ's error was harmless. *Molina*, 674

F.3d at 1115. Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id.*; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted) (first quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), and then quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

The undersigned cannot conclude that the error is harmless as it is not clear whether inclusion of the unaddressed moderate limitations as opined by Dr. Faurbo would have eliminated available jobs. Moderate limitations are not *per se* disabling, but they may translate into more concrete work restrictions. *See Macquarrie*, 2023 WL 8242069, at *7. For example, the VE testified that "if a person were only productive four to six hours a day because of chronic fatigue, pain, inability to concentrate, focus, and/or get along with others," any such person "would not be able to perform any work at all." (AR 182). Likewise, the VE testified that a person off task 15 percent of the time would not be able to maintain full-time employment. (AR 183–84). Additionally, the VE testified that a person absent two or more days a month would "not be competitive [in the market]." (AR 182–83).

Had the ALJ included different limitations in the RFC based upon a proper review of the evidence, the ultimate disability determination may have been different.[6] Because the undersigned cannot find that the error was "inconsequential to the ultimate nondisability determination," the undersigned recommends that this matter be remanded to the Commissioner for further administrative proceedings. *Molina*, 674 F.3d at 1115.

**D.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

---

[6] This is not to say that the disability determination will or should be different regarding the period at issue--only that the undersigned cannot determine the outcome would remain the same upon a correct evaluation of the record.

16

Here, the undersigned finds that remand for further proceedings is warranted. *See, e.g.,* *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (affirming a remand for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (remanding the case "for further findings evaluating the credibility of [the claimant's] subjective complaints"). On remand, the Commissioner shall reconsider all of the evidence in formulating Plaintiff's RFC.

### V.    CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's motion for summary judgment, (Doc. 13), be GRANTED;

2.    This matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

3.    The Clerk of the Court be DIRECTED to enter judgment in favor of Plaintiff Cliofas Ybarra Gonzalez and against Defendant Frank Bisignano, Commissioner of Social Security, and to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 21, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE